THE PEOPLE, RESPONDENT, *v.* GESTERA, APPELLANT.

APPEAL from the District Court of San Juan, Section 2.

No. 509.—Decided January 23, 1913.

CRIMINAL LAW—SANITARY REGULATIONS—RAT-PROOFING HOUSES—INFORMATION,
INSUFFICIENT.—The information is insufficient because it does not set forth
that the frame house said to belong to the accused and wherein the repairs
were ordered by the Director of Sanitation, is a dwelling, market, warehouse,
storehouse, bakery, pastry or canning factory, distillery, confectionery store,
grocery, wine cellar, pier, hotel, restaurant, café, eating house or booth;
such allegation being indispensable in this case to show a violation of Sanitary
Regulation No. 3. Decided on the grounds of the opinion delivered in Case
No. 496, *The People* v. *Blanco,* 18 P. R. R., 980.

The facts are stated in the opinion.
The appellant did not appear.
*Mr. Charles E. Foote, fiscal,* for The People.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the
court.

This case originated in the District Court of San Juan,
Section 2, upon an information sworn to and signed by the
district *fiscal* on October 1st of last year, the pertinent part
whereof reads as follows:

"The *fiscal* files an information against Teótimo Gestera for the
violation of Sanitary Regulation No. 3 governing the construction
and rat-proofing of buildings and their outhouses, promulgated ac-
cording to law on July 15, 1912, thereby committing a misdemeanor
in the following manner: The said Teótimo Gestera, on or about

August 9, 1912, in Puerta de Tierra, which forms part of the judicial district of San Juan, was served by Health Inspector J. A. Torres with an order of the Director of Sanitation directing him to proceed within two days from the date of the notice to make the following repairs to a frame house (*ranchón*) belonging to him and situated on San Agustín Street, Puerta de Tierra, marked by the Board of Sanitation with No. 10 B, District No. 30, to wit: To raise the house to a height of two feet above ground or to surround it with a foundation wall of concrete extending from two feet below the surface of the ground to the floor and fitting perfectly therewith. No excavations under the house will be allowed. The said Teótimo Gestera unlawfully and wilfully allowed the time given him to elapse without having made the repairs ordered, nor has he made any of them up to this date. This is contrary to the law for such case made and provided and against the peace and dignity of The People of Porto Rico. (Signed) J. Sifre, District *fiscal*."

The trial having been had, the court rendered judgment on October 7, 1912, declaring the defendant guilty and sentencing him to pay a fine of $50 and in default thereof to serve one day in jail for each dollar unpaid, without costs, from which judgment the defendant appealed to this court.

After examining the information in connection with Sanitary Regulation No. 3 alleged to have been infringed, we do not find that said regulation has been violated by the acts recited in the information because it fails to state whether the frame house said to belong to Gestera, the object of the repairs ordered by the Director of Sanitation, is a dwelling house or a building used as a market, warehouse, storehouse, bakery, pastry or canning factory, distillery, confectionery store, grocery, wine cellar, pier, hotel, café, restaurant, eating-house or booth, which allegation is necessary in one way or another in order that we may ascertain whether the order served on Gestera by Sanitary Inspector J. A. Torres was lawful and conformed to the provisions of the sanitary regulation referred to, and, therefore, should have been obeyed.

In view of the fact that the information does not show that the order which the defendant refused to comply with

was a lawful and valid one, inasmuch as the elements necessary to determine its legality were omitted, it is impossible to decide that the defendant was obliged to comply with it; our conclusion is, therefore, that the charges made in said information do not constitute an open violation of Sanitary Regulation No. 3.

This doctrine has been established already by us in case No. 496, *The People* v. *Blanco,* 18 P. R. R., 980, and we have followed it in cases Nos. 508 and 511, *The People* v. *Gestera, ante* pp. 7, 17, and in case No. 510, also *The People* v. *Gestera, ante* p. 30.

The judgment appealed from should be reversed and the information dismissed.

*Reversed.*

Justices MacLeary, del Toro and Aldrey concurred.

Mr. Justice Wolf did not take part in the decision of this case.